UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELIJAH SIMS,

                           Plaintiff,

                                                                <u>DECISION AND ORDER</u>

                                                                  07-CV-6525L

             v.

WEGMANS FOOD MARKETS, INC.,
TEAMSTERS LOCAL UNION 118,

                         Defendants.
_____

This is a pro se action brought by plaintiff Elijah Sims against his former employer, Wegmans Food Markets, Inc. ("Wegmans") and Teamsters Local Union 118, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. Despite its relatively short life, this case has enjoyed a complicated procedural history, familiarity with which is presumed. Presently before the Court are Wegmans' motion to dismiss the Complaint on the grounds of improper service of process (Dkt. #26), and plaintiff's motion for a default judgment against Wegmans (Dkt. #28).

DISCUSSION

Rule 4(e)(1) of the Federal Rules of Civil procedure permits process to be served "pursuant to the laws of the state in which the district court is located." Fed. R. Civ. Proc. 4(e)(1). Under New York law, "a process server's affidavit of service establishes a prima facie case of the account of the

method of service, and thus, in the absence of contrary facts, we presume that [a defendant] was properly served with the complaint." *Cablevision Sys. New York City Corp. v. Okolo*, 2006 U.S. App. LEXIS 24068 at *2 (2d Cir. 2006), *quoting Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). "A defendant's sworn denial of receipt of service, however, rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." *Old Republic Ins. Co.*, 301 F.3d 54 at 57. *See also Friedman v. Schwartz*, 2008 U.S. Dist. LEXIS 42864 (E.D.N.Y. 2008).

In support of its motion to dismiss, Wegmans offers a sworn declaration from Vice President and Assistant General Counsel Stephen VanArsdale, attesting that Wegmans maintains an established procedure for legal process intake which includes immediate delivery to the legal department and the electronic logging of the description of any process served on Wegmans security officers. (Dkt. #26, Att. 2). Mr. VanArsdale states that he is unaware of any instances in which a document served to a security officer has not been properly recorded, and confirms that Wegmans has no record of ever having been served with any complaint in this matter, and that he never saw the complaint in this action until a copy was forwarded to him by local counsel. *Id*. I find that this testimony rebuts plaintiff's prima facie showing of service, and that an evidentiary hearing is required to resolve the matter.

Finally, plaintiff's motion for default judgment lacks the prerequisite entry of default by the Clerk, and must be denied. *See* Fed. R. Civ. Proc. 55(a); *O'Callaghan v. Sifre*, 242 F.R.D. 69, 74 (S.D.N.Y. 2007) (where plaintiff moves for default judgment but has failed to secure an entry of

default, and where a service dispute exists such that it would be improper for the Court to excuse that failure, the default judgment motion should be denied).

CONCLUSION

A hearing on the issue of whether Wegmans was properly served with the complaint in this matter will be scheduled forthwith. The parties are instructed that, at least fourteen days prior to the hearing date, they shall file with the Court a list of the witnesses that each plans to produce at the hearing, and a summary of their expected testimony, as well as copies of any documentary evidence each party intends to use at the hearing. Plaintiff is specifically advised that failure to produce Monroe County Sheriff's Deputy Lyle Hibbard, signatory to the Affidavit of Service upon which plaintiff relies, will seriously jeopardize plaintiff's ability to demonstrate proper service on Wegmans, and may result in the dismissal of this action.

Plaintiff's motion for a default judgment (Dkt. #28) is denied, without prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 1, 2009.